&c., and "the amount of capital of each branch shall be considered to be the amount allotted to such branch"—not the amount including surplus earnings or any other addition. The same section also provides for a duty of one-sixth of one per centum each month upon the average amount of circulation, &c., beyond the amount of ninety per centum of the capital of the bank, &c. It will hardly be contended, on the part of the government, that the term "capital" here includes surplus earnings; and yet the claim would be as well founded as in the case under consideration. I may add, that, according to the construction contended for, the capital of the bank would be changing during the whole period of the license. It might become much greater than the amount for which a license was paid, for, only the surplus at the time the license was granted could be estimated.

Upon the whole, I am satisfied that the assessor erred in setting up the claim that the plaintiffs were bound to take out a license on the basis that the surplus earnings of the bank were a part of its capital, and that an injunction must be granted.

MECHANICS' & MERCHANTS' INS. CO OF POTTSVILLE (BROWN v.). See Case No. 2,019.

## Case No. 9,382.
### MECHANICS' BANK v. LYNN.
[2 Cranch, C. C. 217.] [1]
Circuit Court, District of Columbia. Nov. Term, 1820.

NOTES—INDORSER—PLACE WHERE PAYABLE — DEMAND OF MAKER—PROTEST.

If a promissory note be made payable at the house of R. Y., the first indorser, and the notary public, on the day after the last day of grace, demand payment of R. Y., at his house, without asking for the maker, or inquiring whether he had left funds to pay the note, such demand is not sufficient to entitle the plaintiff to recover against the second indorser.

Assumpsit against the second indorser of John Weightman's note to Robert Young, payable at the house of Robert Young, four months from the 25th of December, 1816. James Millan, a notary public, testified, that on the 29th of April, 1817, (the day after the last day of grace,) he demanded payment from Robert Young, and the defendant, Adam Lynn; and believed it was at the house of Robert Young; but did not ask for John Weightman, the maker of the note, nor inquire whether he had left funds to pay it. That Weightman did not reside in the county of Alexandria, and therefore he could not demand payment from him. The other parties all resided in Alexandria. Christopher Neale testified that the defendant requested the bank not to sue him, as, in the event of his

being obliged to pay it, it would save the expense of one suit.

Mr. Swann, for plaintiff.
Mr. Taylor, for defendant.

THE COURT (nem. con.) instructed the jury that the evidence, so stated, was not sufficient to entitle the plaintiff to recover.
Nonsuit.

[See Case No. 9,384.]

MECHANICS' BANK (NUTT v.). See Case No. 10,382.

## Case No. 9,383.
### MECHANICS' BANK v. TAYLOR.
[2 Cranch, C. C. 217.] [1]
Circuit Court, District of Columbia. Nov. Term, 1820.

NOTES—INDORSER—PROTEST—DEMAND—EVIDENCE.

If a notary-public, after demanding payment from the maker of a promissory note, go to the shop of the indorser, (a coachmaker who had journeymen,) and there demand payment, but of whom he does not remember, and thinks he did not see the indorser, this is not sufficient evidence of notice, to the indorser, of non-payment by the maker.

Assumpsit against [Evan P. Taylor] the indorser of Peyton's promissory note. The notary-public demanded payment from the maker on the last day of grace, after banking hours, and afterwards, on the same day, called at the shop of the defendant, and demanded payment, but did not remember whether he saw the defendant, and thought that if he had, he should have stated it in his protest, which he did not. The defendant was a coach-maker, and employed journeymen. The witness did not remember of whom he made the demand.

THE COURT, at the prayer of Mr. Taylor, for the defendant, instructed the jury that the plaintiff could not recover that evidence, because, as they thought, the notice was not proved.

MECHANICS' BANK (UNITED STATES v.). See Case No. 15,756.
MECHANICS' BANK (WILLIAMS v.). See Case No. 17,727.
MECHANICS' BANK OF ALEXANDRIA (GRAY v.). See Case No. 5,723.

## Case No. 9,384.
### MECHANICS' BANK OF ALEXANDRIA v. LYNN.
[2 Cranch, C. C. 246.] [1]
Circuit Court, District of Columbia. May Term, 1821.

LIMITATION OF ACTIONS—WHEN PLEADED.

The statute of limitations may be pleaded on the first day of the term next after office-judgment.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]